KAREN P. HEWITT
United States Attorney
TOM STAHL
Assistant U.S. Attorney
Chief, Civil Division
California State Bar No. 078291
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7140
Thomas.Stahl@usdoj.gov

Attorneys for the Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>53.14 ACRES OF LAND, more or less, situated in San Diego County, State of California; and THE STATE OF CALIFORNIA; and OTHER INTERESTED PARTIES,<br><br>Defendants. | Civil No. 08CV0506-BTM(RBB)<br><br>JOINT MOTION FOR ORDER FOR IMMEDIATE POSSESSION; ORDER DISBURSING FUNDS; AND ORDER ENLARGING TIME TO RESPOND TO COMPLAINT |

COME NOW the Plaintiff and the Defendant, by and through their undersigned counsel, and hereby move the Court to issue orders granting the United States immediate possession of the subject property; disbursing the funds deposited with the Clerk of the Court as estimated just compensation; and enlarging time for Defendant State of California to respond to the Complaint.

1.    The interests taken in the subject property in this case include both fee interests and easements. Plaintiff deposited, and Defendant State of California is entitled to receive, Nine Hundred and Nineteen Thousand Dollars ($919,000.00) as the estimated just compensation for the interests taken. Acceptance of said amount does not prejudice Defendant's right to contest the sufficiency of the estimated amount or other issues regarding the market value of the subject land. The Complaint in Condemnation and the Declaration of Taking have been filed and served.

2. A Declaration of Taking has been filed in this action and funds have been deposited into the registry of the Court as estimated just compensation for the property taken herein. Under the Declaration of Taking Act, 40 U.S.C. § 3114 (formerly 40 U.S.C. § 258a), upon the filing of the Declaration of Taking and the deposit of estimated just compensation, title to the property described in the declaration is vested in the United States. Thereafter, the United States is entitled to possession. In re: United States, 257 F.2d 844 (5th Cir. 1958), cert. denied, 358 U.S. 908 (1958); see also Dade County, Florida v. United States, 142 F.2d 230 (5th Cir. 1944). The Declaration of Taking Act also specifically provides that upon the filing of the declaration of taking, "the court may fix the time within which, and the terms on which, the parties in possession shall be required to surrender possession to the petitioner." 40 U.S.C. § 3114(d)(1). Therefore, the parties jointly request that the Court issue an order granting immediate possession of the property described in the Declaration of Taking.

3. At the time of the filing of the Declaration of Taking, Defendant State of California was the sole owner of the property taken by the United States, which is more particularly described in the Declaration of Taking. Defendant is entitled to receive the entire amount of the deposited funds plus any interest accrued thereon. No portion thereof has been paid to Defendant and the entire amount of the deposit remains in the Registry of this Court.

4. Defendant State of California warrants that it has the exclusive right to receive the compensation herein, excepting the interests of parties having liens or encumbrances of record and unpaid taxes and assessments, if any, and that no other party is entitled to the same or part thereof by reason of any unrecorded agreement.

5. Counsel for the parties have discussed the contents of the Complaint and Declaration of Taking and have engaged in the informal exchange of information regarding the subject matter of the Complaint. Counsel for Defendant has requested additional time to prepare a response to the Complaint and counsel for Plaintiff has agreed to an extension, subject to the Court's approval.

WHEREFORE, THE PARTIES JOINTLY MOVE that the Court enter an order as follows:

1. That Defendant and all persons in possession or control of the property described in the Declaration of Taking filed herein shall immediately surrender possession of the said property to Plaintiff.

2. The estimated just compensation of Nine Hundred and Nineteen Thousand Dollars ($919,000.00) plus any interest accrued thereon shall be disbursed to Defendant State of California, subject to the following conditions:

    a. Defendant shall pay all valid taxes, liens and encumbrances out of said deposit disbursement;

    b. Any amount paid to Defendant from said deposit, and any sums paid therefrom to others for taxes, liens and encumbrances, shall be in part payment of any award finally made if the final award exceeds the amount of the deposit of estimated just compensation;

    c. If it is finally determined that Defendant is not entitled to receive said deposit, or any part thereof, Defendant agrees to refund into the registry of this Court said sum paid to Defendant, or such part thereof as the Court may direct, with interest at the rate of 52-week Treasury Bills, from the date of receipt of the deposit by Defendant to the date of repayment into the registry of the Court, calculated in accordance with the provisions of Fed. R. Civ. P. 71A(j);

    d. In the event that any other party is ultimately determined to have any right to receive compensation for the property taken in this case, Defendant shall refund into the registry of the Court the compensation distributed herein, with interest thereon, at the rate of 52-week Treasury Bills, from the date of receipt of the deposit by Defendant to the date of repayment into the registry of the Court, calculated in accordance with the provisions of Fed. R. Civ. P. 71A(j);

    e. In the event a final judgment is entered for just compensation in an amount less than that which has been paid to Defendant, including amount expended for taxes, liens and encumbrances, Defendant agrees to refund into the registry of the Court the amount by which such payments exceed said judgment, with interest at the rate of 52-week Treasury Bills, from the date of receipt of the deposit by Defendant to the date of repayment into the registry of the Court, calculated in accordance with the provisions of Fed. R. Civ. P. 71A(j); and

        f.     This motion is made without prejudice to Defendant's right to claim additional compensation for the taking of Defendant's property.

        g.     The Clerk shall deduct ten percent of the accrued interest as authorized by the Judicial Conference of the United States.

3. The Clerk of the Court shall forthwith draw his check for Nine Hundred and Nineteen Thousand Dollars ($919,000.00) plus any interest accrued thereon and less the authorized deduction, payable to the order of the STATE OF CALIFORNIA DEPARTMENT OF PARKS AND RECREATION and deliver said check to its undersigned attorney, at her address of record. Defendant shall apply the proceeds of said check to the prompt payment and discharge of all liens and encumbrances of record and unpaid taxes and assessments, if any, and the balance pay over to Defendant.

4. Promptly upon the completion of the foregoing, Defendant's undersigned attorney shall file a praecipe, with service upon all parties, advising the Court of the sums received and disbursed and the dates thereof.

5. The time for the filing of Defendant's response to the Complaint shall be extended to May 30, 2008.

Respectfully submitted,

DATED: April 25, 2008        /s/ Ellyn S. Levinson

Ellyn S. Levinson
Deputy Attorney General
1515 Clay Street, 20th Floor
Oakland, CA 94612
Ellyn.Levinson@doj.ca.gov
Attorney for Defendant State of California

//
//
//
//
//
//

1  Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures
2  of the United States District Court for the Southern District of California, I certify that the content of
3  this document is acceptable to counsel for the Defendant and that I have obtained authorization from
4  Deputy Attorney General Ellyn S. Levinson to affix her electronic signature to this document.

6  DATED: April 25, 2008                    KAREN P. HEWITT
                                            United States Attorney

                                             /s/ Tom Stahl
8                                           TOM STAHL
                                            Assistant U. S. Attorney
9                                           Chief, Civil Division

10                                          Attorneys for Plaintiff
                                            Thomas.Stahl@usdoj.gov